UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MORRIS WEATHERSPOON,

                Plaintiff,

v.

CAROL WILLIAMS et al.,

                Defendants.
_____/

Case No. 2:17-cv-40

Honorable Gordon J. Quist

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Jessica Knack, Christine L. Henson, Matthew R. Luttrell, Susan Wilson, Perri A. Cooper, Marie L. Drouin, Cynthia M. Jenkins, Sharon Starr, Marie Bennett, Dawn R. Eicher, Matthew Sizer, Shelly A. Ronquist, Lori L. Davis, Duncan MacLaren, Jim Armstrong, L. Berlinger, Mike Curley, Unknown Parties, and S. Farley for failure to state a claim. The Court

will order service on Defendants Carol Williams, L. Schwesinger, M. Dicken, B. Johnson, B. Mastaw, Robert Beaudion, Unknown Raffaele, Marquita Marlette, K. Olson, Charles Simons, Kimberly Franckowlak, and Penny Rogers.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains, however, occurred at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Medical Service Providers Carol Williams, Jessica Knack, Christine L. Henson, Matthew R. Luttrell, Susan Wilson, Perri A. Cooper, Marie L. Drouin, Cynthia M. Jenkins, Sharon Starr, Marie Bennett, Dawn R. Eicher, Matthew Sizer, Shelly A. Ronquist, and Lori L. Davis. Plaintiff also sues Assistant Resident Unit Manager Marquita Marlette, Deputy Warden K. Olson, Warden Duncan MacLaren, Grievance Coordinators Jim Armstrong, L. Berlinger, and Mike Curley, Dentist Charles Simons, Dental Hygienist Kimberly Franckowlak, Nurse Practitioner Penny Rogers, Sergeant L. Schwesinger, Assistant Resident Unit Manager M. Dicken, Sergeant B. Johnson, Corrections Officer B. Mastaw, Corrections Officer Robert Beaudion, Captain Unknown Raffaele, Unknown Parties Medical Service Provider or Prison Officials, and Hearing Investigator S. Farley.

Plaintiff alleges that on October 15, 2012, Defendant Simons failed to provide Plaintiff with needed dental care. On October 26, 2012, Defendant Franckowlak failed to provide Plaintiff with needed dental care. On December 8, 2012, Defendant Schwesinger had Plaintiff placed in administrative segregation under false pretenses and ignored Plaintiff's complaints of harassment by prison officers. Defendant Schwesinger also collaborated with Defendants

2

Williams, Henson, Bennett, Mastaw, Beaudion, Raffaele, and Johnson to deprive Plaintiff of pain medication and dental care. Plaintiff claims that Defendants Beaudion and Mastaw set him up for false misconduct tickets. On December 10, 2012, Defendants Dicken, Olson, and Marlette falsified the record of Plaintiff's SCC (Security Classification Committee) review by stating that Plaintiff was in fear of his safety from staff due to racial issues, but that there was no proof that Plaintiff had been threatened. Plaintiff states that he had actually requested protection because he was afraid that he would be attacked by other inmates.

Following the SCC interview, Defendant Beaudion set Plaintiff up on a gambling misconduct. On December 11, 2012, Defendant Johnson reviewed Plaintiff on the misconduct ticket. Defendant Farley authored a hearing investigation report shortly thereafter, which did not reflect Plaintiff's comments to Defendant Johnson. On December 13, 2012, Defendant Raffaele ignored Plaintiff's complaints regarding the inaccuracies in the ticket written by Defendant Beaudion. Plaintiff claims that his confinement in administrative segregation prevented him from seeking treatment for serious medical conditions. When Plaintiff asked Defendant Raffaele to destroy the misconduct report, Defendant Raffaele became threatening and caused Plaintiff to fear for his life. Plaintiff was unable to sleep for two days.

Plaintiff alleges that between December 8, 2012, and January 3, 2013, Defendants Williams, Knack, Henson, Luttrell, Wilson, Cooper, Drouin, Jenkins, Starr, Bennett, Eicher, Sizer, Ronquist, Davis, Rogers, and Unknown Parties denied Plaintiff prescribed pain medication, as well as other treatment for a tumor in Plaintiff's femur and for his dental problems. Plaintiff also claims that in September of 2012, Defendants McLean, Curley, Armstrong, Berlinger, and MacLaren were responsible for Plaintiff being placed on modified access to the grievance procedure. Finally, Plaintiff claims that in November of 2013, he had "encounters" with Defendant

3

Olson on two occasions, during which Plaintiff complained of harassment, retaliatory cell searches, and threats of misconduct reports.

Plaintiff claims that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims arising in September of 2012 through January of 2013. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued no later than January of 2013. However, the Court did not

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

5

receive Plaintiff's complaint for filing until March 2, 2017. In addition, Plaintiff did not sign his complaint until February 20, 2017, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

The statute of limitations is tolled for the period during which a plaintiff's available state remedies were being exhausted. See *Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). In this case, Plaintiff claims that he attempted to file grievances, but that they were improperly rejected because Plaintiff was on modified access to the grievance procedure. Plaintiff states that he was thus thwarted from exhausting his administrative remedies. Therefore, the statute of limitations was not tolled.

A complaint is frivolous where it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's claims against Defendants Knack, Henson, Luttrell,

6

Wilson, Cooper, Drouin, Jenkins, Starr, Bennett, Eicher, Sizer, Ronquist, Davis, MacLaren, Armstrong, Berlinger, Curley, Unknown Parties, and Farley must be dismissed as frivolous.

With regard to Plaintiff's claims against Defendants Williams, Schwesinger, Dicken, Johnson, Mastaw, Beaudion, Raffaele, Marlette, Olson, Simons, Franckowlak, and Rogers, the Court notes that Plaintiff initially raised those claims in Case No. 2:14-cv-108 (W.D. Mich.), and that those claims were dismissed from that action without prejudice on February 4, 2016, on the grounds of misjoinder. *See* 2:14-cv-108, PageID.238-240. In the report and recommendation for dismissal, the magistrate judge noted that the dismissal would not prejudice Plaintiff's claims against those individuals because "Michigan law tolls the limitation period while an earlier action was pending which was later dismissed without prejudice." *Id.* at PageID.220. As a result, the statute of limitations governing Plaintiff's 2012 and 2013 claims against Defendants Williams, Schwesinger, Dicken, Johnson, Mastaw, Beaudion, Raffaele, Marlette, Olson, Simons, Franckowlak, and Rogers were tolled from May 15, 2014, when the prior action was filed, until February 4, 2016, when the claims were dismissed without prejudice. With the benefit of tolling during this 20-month period, Plaintiff's claims against Defendants Williams, Schwesinger, Dicken, Johnson, Mastaw, Beaudion, Raffaele, Marlette, Olson, Simons, Franckowlak, and Rogers are not time barred.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Jessica Knack, Christine L. Henson, Matthew R. Luttrell, Susan Wilson, Perri A. Cooper, Marie L. Drouin, Cynthia M. Jenkins, Sharon Starr, Marie Bennett, Dawn R. Eicher, Matthew Sizer, Shelly A. Ronquist, Lori L. Davis, Duncan MacLaren, Jim Armstrong, L. Berlinger, Mike Curley, Unknown Parties, and S. Farley will be dismissed for failure to state a

7

claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Carol Williams, L. Schwesinger, M. Dicken, B. Johnson, B. Mastaw, Robert Beaudion, Unknown Raffaele, Marquita Marlette, K. Olson, Charles Simons, Kimberly Franckowlak, and Penny Rogers.

An Order consistent with this Opinion will be entered.


Dated: October 19, 2017                                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE

8