UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MORRIS WEATHERSPOON #471817,

                Plaintiff,                Case No. 2:17-cv-40

v.                                            HON. GORDON J. QUIST

CAROL WILLIAMS, et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by state prisoner Morris Weatherspoon pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Baraga Maximum Correctional Facility. The events about which he complains occurred at the Kinross Correctional Facility (KCF). The remaining Defendants are Carol Williams, B. Johnson, B. Mastaw, Robert Beaudion, Unknown Raffaele, K. Olson (collectively the "State Defendants"), and Penny Rogers. The State Defendants filed a motion for summary judgment (ECF No. 33) on the ground that Plaintiff failed to exhaust his available administrative remedies. Defendant Penny Rogers filed a motion for summary judgment (ECF No. 30) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No. 51).

        Plaintiff alleges that Defendants Mastaw, Beaudion, Raffaele, and Johnson deprived him pain medication and dental care. Plaintiff claims that Defendants Beaudion and Mastaw set him up for false misconduct tickets. On December 10, 2012, Defendant Olson falsified the record of Plaintiff's SCC (Security Classification Committee) review by stating that Plaintiff

fear for his safety from staff due to racial issues, but that there was no proof that Plaintiff had been threatened. Plaintiff states that he had actually requested protection because he was afraid that he would be attacked by other inmates.

Following the SCC interview, Defendant Beaudion set Plaintiff up on a gambling misconduct. On December 11, 2012, Defendant Johnson reviewed Plaintiff on the misconduct ticket. On December 13, 2012, Defendant Raffaele ignored Plaintiff's complaints regarding the inaccuracies in the ticket written by Defendant Beaudion. Plaintiff claims that his confinement in administrative segregation prevented him from seeking treatment for serious medical conditions. When Plaintiff asked Defendant Raffaele to destroy the misconduct report, Defendant Raffaele became threatening and caused Plaintiff to fear for his life. Plaintiff was unable to sleep for two days. Plaintiff alleges that between December 8, 2012, and January 3, 2013, Defendants Williams, Rogers, and Unknown Parties denied Plaintiff prescribed pain medication, as well as other treatment for a tumor in Plaintiff's femur and for his dental problems. Finally, Plaintiff claims that in November of 2013, he had "encounters" with Defendant Olson on two occasions, during which Plaintiff complained of harassment, retaliatory cell searches, and threats of misconduct reports.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also*

*Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party

with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If

oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V.  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.   The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).  "But when prison officials decline to enforce their own procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules does not create a procedural bar to that prisoner's subsequent federal lawsuit." *Hardy v. Agee*, No. 16-2005, at 3 (6th Cir. Mar. 5, 2018) (unpublished) citing *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).  The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id*. at 325.   We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id*. at 324.

*Mattox v. Edelman*, 2017 WL 992510, slip op. at 8-9 (6th Cir. 2017).[1]

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ V of PD 03.02.130. *Id.* at ¶Q. In such instances, the grievance must be filed within the time limits prescribed for filing

---

[1] In *Holloway v. Mclaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id.* at 3. In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints."  slip op. at 16. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

grievances at Step I. *Id.* Regardless of whether the grievance is filed with grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with PD 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

Defendants Carol Williams, Kathleen Olson, Bruce Johnson, Brian Mastaw, Ronald Beaudoin, and Brian Raffaele state that Plaintiff failed to file any grievances against them and failed to pursue a Step III grievance relating to any incidents that arose out of conduct occurring between October 2012 and September 2013, and between November 2013 and February 2014. Defendants state that Plaintiff failed to exhaust any grievance arising out of any incident occurring at KCF prior to the filing of this lawsuit. Defendant Penny Rogers asserts that Plaintiff never properly filed a grievance raising the issues asserted against in her in this lawsuit and that each grievance Plaintiff presented was rejected by the MDOC.

Plaintiff asserts that while he was on modified access to the grievance procedures, he was refused grievance forms by the grievance coordinator each time he requested forms. Plaintiff asserts that he made efforts to exhaust his available grievance remedies, but the MDOC grievance coordinator refused to allow him to file grievances. Accordingly, Plaintiff asserts that the grievance process was unavailable to him during this time period. The MDOC Prisoner Step III Grievance Report attached to Defendants' brief supports Plaintiff's assertion. The report shows that Plaintiff files grievances consistently. During the months of October 2012 until October 2013, the report shows that Plaintiff did not file any grievances. (ECF No. 30-1, PageID.164-193). Defendants have not responded to Plaintiff's assertion that he was prohibited from filing grievances involving the subject matter of his complaint. In addition, Plaintiff asserts that Defendants' summary judgment motions fail to cite several grievances, including KCF 12-12-

7

0131128A, KCF 12-12-0131228A, KCF 12-12-0131328A, KCF 12-12-013121428A, KCF 12-12-0131528A, and KCF 12-12-0131628A.  Plaintiff also asserts that he was deemed to be suffering from a mental impairment by the MDOC during the relevant time frame, making the grievance procedure unavailable to him during this period of incapacity.  In the opinion of the undersigned, Plaintiff has shown that grievance remedies were unavailable or, alternatively, that a question of fact exists regarding the issue of whether his grievance remedies were properly exhausted.

For the foregoing reasons, I recommend that Defendants' motions for summary judgment (ECF Nos. 30 and 33) be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 29, 2018

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).