UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON #471817,

    Plaintiff,

v.                                          Case No. 2:17-CV-40

CAROL WILLIAMS, et al.,               HON. GORDON J. QUIST

    Defendants.
_____/

## OPINION AND ORDER

This is a civil rights action brought by state prisoner Morris Weatherspoon under 42 U.S.C. § 1983. The State Defendants filed a motion for summary judgment (ECF No. 33), as did Defendant Penny Rogers (ECF No. 30), on the ground that Weatherspoon failed to exhaust his administrative remedies. Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court deny Defendants' motions. (ECF No. 55.) The State Defendants filed objections to the R & R. (ECF No. 56.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, the State Defendants' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The State Defendants submitted two objections to the R & R. First, they argue that Weatherspoon failed to exhaust his available remedies. They argue that Weatherspoon being on modified grievance access does not excuse him from pursuing his available remedies—it "merely requires that Weatherspoon first obtain permission" before filing a grievance. Further, the State Defendants cite the grievance numbers Weatherspoon submitted to conclude that Weatherspoon did submit grievances at Step I, and received a response—but "the fact that the grievances were not listed in the Step III report indicates that Weatherspoon did not pursue the grievances to Step III." The State Defendants conclude that they "have presented sufficient evidence for this Court to conclude that Weatherspoon failed to exhaust his administrative remedies relating to his complaint." (ECF No. 56 at PageID.525–26.)

On the contrary, the State Defendants have offered no evidence to directly support their argument—they have only offered Weatherspoon's Step III Grievance report and their own conclusory arguments. The R & R noted that failure to exhaust is an affirmative defense and, therefore, the State Defendants bear the burden of proof. The R & R also noted that Weatherspoon "asserts that while he was on modified access to the grievance procedures, he was refused grievance forms by the grievance coordinator each time he requested forms." (ECF No. 55 at PageID.522.) The State Defendants offer no evidence or response to Weatherspoon's allegation that the grievance coordinator denied his request for grievance forms. Instead, they assert that Weatherspoon must "first obtain permission from the KCF grievance coordinator"—which is exactly what Weatherspoon alleges he attempted to do. The State Defendants also point to the grievances that Weatherspoon cited in his response to conclude that Weatherspoon failed to exhaust them because he did not pursue those grievances to Step III. This fact is not in dispute—Weatherspoon admitted he did not pursue those grievances to Step III because the grievance

2

coordinator refused his request for Step III forms. (ECF No. 51 at PageID.476.) The R & R found that "Defendants have not responded to Plaintiff's assertion that he was prohibited from filing grievances involving the subject matter of his complaint." (ECF No. 55 at PageID.522.) They have still not done so and the Court accordingly agrees with the R & R's recommendations.

The State Defendants' second objection is a request for an evidentiary hearing on the exhaustion issue because, they allege, "they have presented sufficient evidence for this Court to conclude that Weatherspoon failed to exhaust his administrative remedies." (ECF No. 56 at PageID.526.) An evidentiary hearing is unnecessary because State Defendants have presented *no* evidence that Weatherspoon failed to exhaust his administrative remedies. State Defendants have not rebutted Weatherspoon's sworn statements that the grievance coordinator refused to provide him with grievance forms when he requested them. For purposes of this motion, that fact is uncontroverted and an evidentiary hearing is unnecessary.

Therefore,

**IT IS HEREBY ORDERED** that State Defendant's Objections (ECF No. 56) are **OVERRULED** and the magistrate judge's Report and Recommendation (ECF No. 55) is hereby **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Defendants' Motions for Summary Judgment (ECF Nos. 30, 33) are **DENIED**.


Dated: June 28, 2018                                /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE