UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MORRIS WEATHERSPOON,

    Plaintiff,

v.

CAROL WILLIAMS, et al.,

    Defendants.
_____/

Case No. 2:17-CV-40

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR RECONSIDERATION

On August 27, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) (ECF No. 93) recommending that the Court grant remaining Defendants' motions for summary judgment and dismiss this case with prejudice. Thereafter, Plaintiff moved for a 90-day extension of time in which to prepare and file objections to the R & R. (ECF No. 94.) The Court granted the motion in part, concluding that 90 days was unreasonable but that an extension of time to October 4, 2019, provided Plaintiff with ample time to prepare and file his objections. (ECF No. 96.) Plaintiff did not file objections within the allowed time. Instead, he filed another motion for an extension of time (ECF No. 99), which the Court denied on October 1, 2019. (ECF No. 102.) In denying the motion, the Court noted that it had stated in its previous order that "[n]o further extensions will be granted." (*Id.*)

Instead of filing objections, Plaintiff has filed a motion for reconsideration of the October 1, 2019, Order. (ECF No. 103.) In his motion for reconsideration, Plaintiff makes the same arguments he presented in his prior motions for extensions of time. In short, instead of using the additional time the Court granted Plaintiff to prepare objections, Plaintiff has chosen to continuing arguing for more time, even though the Court explicitly told Plaintiff that no additional extensions

would be granted.  As set forth in the Court's prior orders, the original extension of time provided Plaintiff with plenty of time to prepare and file his objections.  Instead of continuing to press his request for more time, Plaintiff could have devoted the time to preparing his objections.  Because the Court finds that it did not err in its prior orders, Plaintiff's motion for reconsideration will be denied.

As for the R & R, the Court has reviewed it and concludes that it should be adopted, particularly because Plaintiff has shown no basis for rejecting it.  Moreover, Plaintiff has failed to show good cause for failing to serve Defendants Marlette, Simons, Franckowiak, Schwesinger, and Dicken.  Accordingly, those Defendants will be dismissed for failure to effect timely service.

Therefore,

**IT IS HEREBY ORDERED** that the August 27, 2019, Report and Recommendation (ECF No. 93) is **ADOPTED** as the Opinion of the Court.  Defendants' Motions for Summary Judgment (ECF Nos. 76 and 77) are **GRANTED**, and Plaintiff's claims against Defendants Rogers, Williams, Olson, Johnson, Mastaw, Beaudoin, and Raffaele are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Marlette, Simons, Franckowiak, Schwesinger, and Dicken are **DISMISSED** for failure to effect service.  Fed. R. Civ. P. 4(3)(m).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 103) is **DENIED**.

This case is **concluded**.

A separate judgment will enter.

Dated:  October 17, 2019                             /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE